UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**AVERY COLLINS,**

    **Plaintiff,**

vs.                        CASE NO. 4:23-CV-00281-MW-MAF

**GOV. RON DESANTIS,**
**et al.,**

    **Defendants,**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Avery Collins, a prisoner proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis*, which was denied as incomplete. ECF Nos. 1, 2, 4. The Court reviewed the complaint as required by 28 U.S.C. § 1915A, found the complaint was legally deficient, and ordered Plaintiff to amend and to pay the filing fee or submit a complete IFP application by **August 7, 2023**. ECF No. 4. As of the date of the drafting of this Report, Plaintiff did not file an amended complaint, did not refile a complete IFP motion, and did not pay the fee. As explained below, this case should be dismissed.

    I.   **Plaintiff's Complaint, ECF No. 1.**

Plaintiff sued Governor Ron DeSantis; Ricky Dixon, Secretary of the

Florida Department of Corrections; and "Doctors [i]nvolved [in Plaintiff's] . . . cancer treatment at Lake Butler Main Unit." ECF No. 1, pp. 1-3. DeSantis and Dixon are sued solely in their official capacities, but there is no indication in which capacity Plaintiff intended to sue any prison doctor. Id., pp. 2-3. Plaintiff did not name any doctor; and listing "Doctors [i]nvolved" in Plaintiff's medical treatment is an improper way to name a defendant in a lawsuit. Plaintiff also indicated he is suing federal officials but named none. Id., p. 4.

Plaintiff received cancer treatment in prison. Id., p. 5. A small "pimple of cancer" was surgically removed but Plaintiff was "ordered to undergo" additional treatment including toxic intravenous treatments. Id. Plaintiff generally alleges he was maimed and crippled "severely" and is in severe pain as a result. Id., p. 5-6. Plaintiff alleges doctors left him "without handicap assistance," though he does not state what type of assistance he needs. Id., p. 6. Plaintiff claims he "cannot function as a[] person," is in constant pain, and nothing is done to assist him. Id. Plaintiff cannot lift his legs at times. Id. Medical staff ignore him. Id. Plaintiff is seeking $1,000,000 in damages and proper treatment. Id., p. 7.

The complaint is legally insufficient because it is a shotgun pleading. Plaintiff was ordered to amend but has not done so.

## II.  Shotgun Pleadings are Impermissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "'Further, the allegations in the complaint 'must be simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Here, the statements are largely a vague narrative; and there are no numbered paragraphs as directed by Rule 10. "A 'shotgun pleading' -- one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' --does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323. "Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff generally alleges that the cancer treatment was toxic and left him crippled, but he fails to attribute any acts or omissions to any named defendant. There is also no indication of when the treatment occurred or

what assistance is necessary that he is not receiving. Legal conclusions are insufficient. The Court ordered Plaintiff to amend; however, Plaintiff ignored the Court's order.

### III. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court ordered Plaintiff to properly amend the complaint and refile the IFP motion or pay the filing fee by the August 7, 2023, and that failure to comply with court orders would result in a recommendation of dismissal. Still, there is no amended complaint or IFP

motion; and no filing fee has been paid. Dismissal is proper.

## IV. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it is a shotgun pleading and because Plaintiff failed to comply with the court's order, pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where ethe litigant has been forewarned, generally is not an abuse of discretion."). It is also **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on August 15, 2023.

                                s/ Martin A. Fitzpatrick
                                **MARTIN A. FITZPATRICK**
                                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).